UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERWIN ADVISORS LLC,<br><br>                       Plaintiff,<br><br>  -against-<br><br>AMERICAN LENDING GROUP, INC.,<br><br>                     Defendant. | Case No.:  07 Civ. 10631 (WHP)<br><br>ECF Case<br><br>**DECLARATION OF<br>CHARLES R. JACOB III<br>IN SUPPORT OF MOTION,<br>BY ORDER TO SHOW CAUSE,<br>FOR DEFAULT JUDGMENT** |

CHARLES R. JACOB III hereby declares under penalty of perjury as follows:

1.      I am a member of the Bar of this Court and of Miller & Wrubel P.C., attorneys for plaintiff Terwin Advisors LLC.

2.      I submit this declaration pursuant to Local Civil Rule 55.2(b), in support of the motion of plaintiff Terwin Advisors LLC ("Terwin"), by order to show cause, for a default judgment against defendant American Lending Group, Inc. ("ALG").

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. See Complaint ¶ 4, attached as Exhibit 1 hereto.

4.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because ALG consented to venue in this Court, a substantial part of the events and omissions giving rise to the claim occurred in this District, a substantial part of the

property that is the subject of this action is situated in this District and ALG is subject to personal jurisdiction in this District.  <u>See</u> Complaint ¶ 5.

5.       ALG is subject to personal jurisdiction in this Court because it consented to jurisdiction in the State and County of New York, transacted business in the State of New York and contracted to supply goods and services in the State of New York. <u>See</u> Complaint ¶¶ 6, 9.

### Nature of the Claim

6.       As set forth in the accompanying Declaration of Gerald Casey ("Casey Declaration" or "Casey Decl."), ALG sold Terwin a number of mortgage loans pursuant to a Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase Agreement").

7.       In the parties' Purchase Agreement, Terwin and ALG contracted for ALG to sell to Terwin certain Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement, and ALG agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD".

8.       As set forth in the Casey Declaration, ALG did not repurchase the Early Payment Default Loans as requested by Terwin.  Therefore, ALG is in breach of its obligations under the Purchase Agreement.

### ALG's Default

9.       Terwin commenced this action by filing the Summons and Complaint on November 27, 2007.

10.       Copies of the Summons, Complaint, Rule 7.1 Statement, Individual Practices of Judge William H. Pauley III, Individual Practices of Magistrate

Judge Eaton, and ECF Instructions, Procedures and Guidelines were served on defendant on November 29, 2007, by personal service upon Kim Shelkey of ALG, an agent authorized to receive service for defendant ALG, and proof of such service was filed on December 11, 2007. A copy of the Affidavit of Service is attached hereto as Exhibit 2.

11.    ALG, being a corporation organized under the laws of the State of Missouri, is not in the military, an infant or an incompetent person.

12.    ALG's time to answer or otherwise move in response to the Complaint expired on December 19, 2007.

13.    On December 20, 2007, Naren Chaganti, an attorney from California, requested an extension of time for ALG to respond to the Complaint, citing his personal illness and ALG's need to procure New York counsel as the reasons for the extension. As a professional courtesy, Terwin granted ALG until January 4, 2008, and then until January 18, 2008, to respond to the Complaint.

14.    However, ALG has never responded to the Complaint, nor has New York counsel appeared on its behalf.

15.    On January 3, 2008, ALG purported to file a motion, "*pro se*", for an additional two-month extension of time for ALG to respond to the Complaint. On January 22, 2008, the Clerk rejected ALG's motion for failure to file the motion electronically on the Court's ECF System. In addition, in my experience, this Court does not accept "*pro se*" filings by corporations.

16.    The Orders and Judgments Clerk entered ALG's default on January 24, 2008. The original Certificate of Default is attached hereto as Exhibit 3.

**No Novel Issues of Law**

17.     This motion raises no novel issues of law.  Accordingly, Terwin respectfully requests that the Court waive the requirement of Local Civil Rule 7.1 that Terwin submit a separate memorandum of law.

18.     Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

**Terwin Requests a Default**
**Judgment as to Liability and Damages**

19.     The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fostok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

20.     Terwin seeks damages for ALG's breach of its contractual obligation to repurchase the Early Payment Default Loans, and indemnification for attorneys' fees, costs, and expenses, all as provided in the parties' contract as described in the Complaint.

21.     ALG has not paid Terwin any part of the repurchase price of the Early Payment Default Loans and has not indemnified Terwin in any amount for its attorneys' fees, costs, and expenses.

22.    As set forth in the Casey Declaration, given ALG's failure to repurchase the Early Payment Default Loans as agreed, Terwin has realized losses in the liquidated amount of $978,085 (an amount less than the principal amount demanded in the Complaint), plus interest at the statutory rate of 9% from February 29, 2008 to date, which is justly due and owing, and no part of which has been paid.

23.    Accordingly, Terwin requests that the Court grant a Default Judgment against ALG in the amount requested.  A proposed Default Judgment is attached hereto as Exhibit 4.

### No Previous Request for Relief Sought

24.    No previous application for the relief sought herein has been made.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 28th day of February, 2008

Charles R. Jacob III

Exhibit 1



Charles R. Jacob III
Haynee C. Kang
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 Civ. _____ ( )

---

TERWIN ADVISORS LLC,

                              Plaintiff,

        -against-

AMERICAN LENDING GROUP, INC.,

                              Defendant.

---

**COMPLAINT**

Plaintiff Terwin Advisors LLC ("Terwin"), by its attorneys Miller &

Wrubel P.C., as and for its Complaint against defendant alleges as follows:

## ALLEGATIONS COMMON TO
## ALL CAUSES OF ACTION

### The Parties

1.      Terwin is a limited liability company organized under the laws of

the State of Delaware with its principal place of business at 45 Rockefeller Plaza, Suite

420, New York, New York 10111.  Terwin is engaged in the business of, inter alia,

purchasing, trading and securitizing mortgages.

2.      Terwin is a citizen of New York, New Jersey and California for

purposes of 28 U.S.C. § 1332.  Terwin's members, and the members of LLCs that are

members of Terwin, are citizens of New York, New Jersey and California.  None is a

citizen of Missouri.

3.     On information and belief, defendant American Lending Group, Inc. ("American Lending") is a corporation organized under the laws of the State of Missouri with its principal place of business at 22 Richmond Center Ct., St. Peters, MO 63376. On further information and belief, American Lending is engaged in the business of, inter alia, originating and selling mortgages.

### Jurisdiction and Venue

4.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 because American Lending consented to venue in this Court, a substantial part of the events and omissions giving rise to the claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District and American Lending is subject to personal jurisdiction in this District.

6.     American Lending is subject to personal jurisdiction in this Court because, as more fully set forth below, it consented to jurisdiction in the State and County of New York, transacted business in the State of New York and contracted to supply goods and services in the State of New York.

### American Lending's Breach
### of the Purchase Agreement

**A.     The Purchase Agreement**

7.     On or about July 1, 2004, Terwin and American Lending entered into a Seller's Purchase, Warranties and Interim Servicing Agreement, dated as of July 1, 2004, as amended and supplemented from time to time (collectively the "Purchase

Agreement"). The Purchase Agreement includes a written Amendment No. 1 (the "Amendment") executed on or about January 15, 2005.

8.    In the Purchase Agreement, Terwin and American Lending contracted for American Lending to sell to Terwin certain Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement, and American Lending agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD".

**B.    Consent to Jurisdiction**

9.    In the Amendment, American Lending expressly consented and submitted to the "exclusive general jurisdiction of the courts of the State of New York sitting in the Borough of Manhattan [and] the federal courts of the United States of America for the Southern District of New York," and waived any objection that this Court is an inconvenient forum. Moreover, the Purchase Agreement (a) was negotiated in material part in the State of New York, (b) required performance by American Lending in the form of the delivery of documents and funds, and the benefits of mortgage servicing, to Terwin at its offices in the State of New York, and (c) chose New York law as governing law for the Purchase Agreement.

**C.    American Lending's Default in Its Obligation
      to Repurchase Early Payment Default Loans**

10.    Starting in 2004, Terwin purchased Mortgage Loans from American Lending pursuant to the Purchase Agreement and the Amendment. In total, Terwin purchased 635 Mortgage Loans from American Lending with a dollar value exceeding $61,659,000. Terwin was located in New York during its entire business

relationship with American Lending and the money to purchase these Mortgage Loans came from New York.

11.    Pursuant to § 3.05 of the Purchase Agreement, entitled "Repurchase of Mortgage Loans With Early Payment Defaults," American Lending agreed to repurchase from Terwin certain Mortgage Loans ("Early Payment Default Loans" or "EPD Loans") as to which there occurred payment defaults within three months after the Closing Date (as defined in the Purchase Agreement) for such Mortgage Loans.  Section 3.05 of the Purchase Agreement provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due on the related Mortgage Loan immediately following the applicable Closing Date or (b) a Mortgage Loan is in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date, the Seller [American Lending], at the Purchaser's option, shall promptly repurchase such Mortgage Loan from the Purchaser [Terwin] within five (5) Business Days of receipt of written notice from the Purchaser, in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

12.    Thus, the Purchase Agreement expressly and unambiguously gave Terwin the right to cause American Lending to repurchase, and imposed on American Lending the obligation to repurchase, at the Repurchase Price, any Early Payment Default Loans as to which Terwin requested repurchase.

13.    Certain of the Mortgage Loans that Terwin purchased from American Lending pursuant to the Purchase Agreement, which Mortgage Loans are identified on Exhibit A hereto, were Early Payment Default Loans, that is, Mortgage Loans as to which (a) a Mortgagor (as defined in the Purchase Agreement) was thirty

4

(30) days or more delinquent with respect to any of the first three (3) Monthly Payments

due on the related Mortgage Loan immediately following the applicable Closing Date or

(b) the Mortgage Loan was in bankruptcy or litigation within the first three (3) months

immediately following the applicable Closing Date.

14.    The Mortgage Loans listed on Exhibit A hereto are all Early

Payment Default Loans as defined in the Purchase Agreement.

15.    Terwin gave American Lending written notice of such Early

Payment Default Loans and exercised Terwin's option to require American Lending to

repurchase such Early Payment Default Loans, all in accordance with the terms of the

Purchase Agreement.

16.    Terwin stood ready, willing and able, at all relevant times, to

reconvey the Mortgage Loans on Exhibit A to American Lending.

17.    American Lending did not repurchase the Early Payment Default

Loans listed on Exhibit A hereto as requested by Terwin.  Therefore, American Lending

is in breach of its obligations under the Purchase Agreement.

18.    Terwin performed all of its obligations under the Purchase

Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract – Damages for Failure
### to Repurchase Early Payment Default Loans)

19.    Terwin repeats and realleges the allegations of paragraphs 1 - 18,

above, as if fully set forth herein.

20.    The Mortgage Loans that are the subject of this action are set forth

on Exhibit A.

21.    American Lending's failure to repurchase the Early Payment Default Loans listed on Exhibit A hereto, was and is a breach of the Purchase Agreement.

22.    Terwin is entitled, by means of an award of damages, to be put in the same position economically that it would have been in had American Lending performed its repurchase obligations under the Purchase Agreement.

23.    The aggregate realized losses suffered by Terwin for the Early Payment Default Loans, with interest through November 30, 2007, was not less than $224,640, no part of which has been paid despite demand therefor.

24.    The aggregate Repurchase Price due and owing to Terwin for the remaining Early Payment Default Loans as to which no loss has been realized, as of November 30, 2007, was $1,073,643, no part of which has been paid despite demand therefor.

25.    Absent American Lending's repurchase of the Early Payment Default Loans from Terwin, Terwin's damages will continually increase due to the accrual of interest on outstanding Early Payment Default Loan balances at the related Mortgage Interest Rate (as defined in the Purchase Agreement), and the expenses of owning and servicing Mortgage Loans.

26.    By reason of this breach of contract, American Lending is liable to Terwin in an amount to be determined but not less than $1,298,283, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment.  Terwin hereby tenders to American Lending the Mortgage Loans as to which a loss has not yet been realized, as set forth on Exhibit A, in return for payment of the Full Repurchase Price.

Alternatively, Terwin demands judgment for its damages suffered with respect to each and every Mortgage Loan on Exhibit A not repurchased by American Lending.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Indemnification – Legal Fees and Related Costs)

27.     Terwin repeats and realleges the allegations of paragraphs 1 – 26, above, as if fully set forth herein.

28.     Pursuant to § 8.01 of the Purchase Agreement, American Lending expressly and unambiguously agreed to indemnify Terwin and hold Terwin harmless "against any and all . . . losses, damages, . . . legal fees and related costs . . . and any other costs, fees and expenses that the Purchaser [Terwin] may sustain in any way related to (i) the failure of the Seller [American Lending] to observe and perform its duties, obligations, and covenants in strict compliance with the terms of this Agreement . . . ."

29.     Pursuant to § 8.01 of the Purchase Agreement and § 7 of the Amendment, American Lending's indemnity obligation expressly includes the legal fees and court costs, and all other costs, fees and expenses, that Terwin has incurred, is incurring and will incur in connection with American Lending's failure to observe and perform its obligation to repurchase Early Payment Default Loans as set forth above, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action.

30.     Pursuant to § 8.01 of the Purchase Agreement and § 7 of the Amendment, American Lending is liable to Terwin for all of Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with American Lending's failure to observe and perform its obligation to repurchase Early Payment Default Loans pursuant to the Purchase

Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York of 9% per annum from the date each such damage or cost was incurred to the date of judgment in this action.

WHEREFORE, Terwin demands judgment in its favor and against American Lending as follows:

(i)    on its First Cause of Action, awarding Terwin as against American Lending an amount to be determined but not less than $1,298,283, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment, in return for which payment Terwin tenders the Mortgage Loans on Exhibit A as to which no loss has been realized, or, alternatively, Terwin's damages incurred as to each such Mortgage Loan as a result of American Lending's failure to repurchase it;

(ii)   on its Second Cause of Action, awarding Terwin all Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with American Lending's failure to observe and perform its obligation to repurchase Mortgage Loans pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York of 9% per annum from the

8

date each such damage or cost was incurred to the date of

judgment in this action; and

(iii)    granting such other or further relief as the Court may deem just and

proper in the circumstances.

Dated:  November 27, 2007

MILLER & WRUBEL P.C.

By: _____

Charles R. Jacob III
Haynee C. Kang
250 Park Avenue
New York, New York 10177
(212) 336-3500

Attorneys for Plaintiff
Terwin Advisors LLC

9

**Exhibit A**

**Exhibit A**

| twg# | lien | realized loss | repurchase total |
|---|---|---|---|
| 100061042 | 2 | 48,591 | cannot repurchase, realized loss |
| 100073249 | 1 | 74,563 | cannot repurchase, realized loss |
| 100063068 | 1 | 101,486 | cannot repurchase, realized loss |
| 100023366 | 1 | | 45,985 |
| 100060639 | 2 | | 51,413 |
| 100073250 | 2 | | 110,475 |
| 100060637 | 1 | | 204,223 |
| 100047102 | 1 | | 240,954 |
| 100070636 | 1 | | 420,593 |

Exhibit 2



**Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TERWIN ADVISORS, LLC,

        Plaintiff(s),                  Index No. 07 CIV 10631

    -against-                     AFFIDAVIT OF SERVICE

AMERICAN LENDING GROUP, INC.,
           Defendant(s).
------------------------------------------------------X
STATE OF MISSOURI     )
          S.S.:
COUNTY OF ST. LOUIS    )

_Richard Raymond_, being duly sworn, deposes and says that he/she is over the age of

eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party to this action.

    That on the 29th day of November, 2007, at approximately the time of 12:32 P.M.,

deponent served a true copy of the SUMMONS, COMPLAINT, RULE 7.1 STATEMENT,

JUDGES RULES, MAGISTRATES RULES, PROCUDURES & GUIDELINES FOR

ELECTRONIC FILING upon American Lending Group, Inc at 22 Richmond Center Court, St.

Peters, MO 63376, by personally delivering and leaving the same with _Kim Shelkey_

who informed deponent that   holds the position of Head Secretary with that company and is

authorized by law to receive service at that address.

_Kim Shelkey_      is a _white female_, approximately _35_ years of age,
stands approximately _5_ feet _6_ inches tall, weighs approximately _150_ pounds with _blonde_ hair.

X _Richard A Raymond_
PROCESS SERVER
Sworn to before me this
6th day of December, 2007

_[signature]_
NOTARY PUBLIC

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

KELLEY A. BANNISTER
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires:  May 13, 2011
Commission # 07486929

Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERWIN ADVISORS LLC, | Case No.:  07 CV 10631 (WHP) |
| Plaintiff, | ECF Case |
| -against- | **CLERK'S CERTIFICATE** |
| AMERICAN LENDING GROUP, INC., | |
| Defendant. | |

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on November 27, 2007 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant on November 29, 2007 by personal service upon Kim Shelkey, Head Secretary of American Lending Group, Inc., and proof of such service thereof was filed on December 11, 2007.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein.  The default of the defendant is hereby noted.

Dated: New York, New York
       January 25, 2007

J. MICHAEL MCMAHON
Clerk of the Court

By: _____
       Deputy Clerk

Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERWIN ADVISORS LLC,

                              Plaintiff,

        -against-

AMERICAN LENDING GROUP, INC.,

                              Defendant.

Case No.:  07 Civ. 10631 (WHP)

ECF Case

**DEFAULT JUDGMENT**

        This action having been commenced on November 27, 2007, by the filing

of the Summons and Complaint, and a copy of the Summons and Complaint having been

personally served on defendant American Lending Group, Inc. on November 29, 2007,

by personal service upon Kim Shelkey, Head Secretary of American Lending Group,

Inc., an agent authorized to receive service for defendant, and proof of such service

having been filed on December 11, 2007, and the defendant not having answered or

otherwise responded to the Complaint, and the time for answering or otherwise

responding to the Complaint having expired, it is

        ORDERED, ADJUDGED, AND DECREED:  That the plaintiff Terwin

Advisors LLC have judgment against defendant American Lending Group, Inc. in the

liquidated amount of $978,085 with interest at $241 per diem from February 29, 2008

through the date of judgment amounting in all to $_____.

Dated: New York, New York
       March ___, 2008

                                        _____
                                        Hon. Willim H. Pauley III