**BABCHIK & YOUNG, LLP**
ATTORNEYS AT LAW

200 EAST POST ROAD, 2nd FLOOR
WHITE PLAINS, NEW YORK, 10601
TELEPHONE (914) 470-0001
FAX (914) 470-0009

March 5, 2008

<u>VIA ECF</u>
The Honorable William H. Pauley, III
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1650
New York, New York 10007-1312

Re:    <u>Terwin Advisors, LLC, v. American Lending Group, Inc.</u>
       Case No.: 07 cv 10631

Dear Judge Pauley:

We were retained on March 3, 2008, to act as New York counsel for the defendant American Lending Group, Inc. ("ALG") in the above-referenced matter. In this action, plaintiff alleges that ALG purportedly breached its contractual obligation to repurchase those mortgage loans it sold to plaintiff on which loans the mortgagor allegedly defaulted in making timely monthly payment during the first three months of the loan.

We are in receipt of plaintiff's Order to Show Cause, requiring ALG's appearance before Your Honor on Friday, March 7, 2008, to explain why a default judgment should not be entered in plaintiff's favor. We write to respectfully request that Clerk's entry of default against American Lending Group be vacated, plaintiff's motion be denied and ALG be given an opportunity to submit an Answer to the Complaint. In the alternative, we respectfully request ALG be granted an extension of time to oppose plaintiff's application for entry of a default judgment.

It is our understanding that ALG's failure to respond to the Complaint is attributable to several factors, including (i) ALG's reliance on its General Counsel, located in California, who we were told was unable to respond to the Complaint because he is not admitted to practice in New York State; (ii) on-going negotiations between plaintiff and ALG's California counsel that led ALG to believe it had an extension of time to respond, which negotiations continued until as recently as January 22, 2007; and (iii) ALG, essentially acting *pro se*, attempted to file a motion for an extension of time to respond, but the motion was rejected on January 22, 2007, because it

was not electronically filed, despite the fact that ALG did not have access to electronic filing. Aware of ALG's failed attempt to secure an extension, plaintiff sought entry of default against ALG only two (2) days later, on January 24, 2007. As is clear from the above, it was not ALG's intention to default and its failure to respond to the Complaint was in no way willful.

Moreover, certain documents we have received relating to plaintiff's claims suggest that plaintiffs may have waived or may otherwise be barred from seeking the relief it requests. Plaintiff is presently seeking damages incurred as a result of ALG's purported failure to repurchase mortgage loans on which the mortgagor allegedly made untimely monthly payments during the first three months of the loan. Notably, however, plaintiff is seeking relief, in some cases, more than two years after the mortgagor was allegedly untimely, on loans that are believed to have been later brought up to date by the mortgagor. Thus, at first glance, it appears that plaintiff accepted the payments, albeit untimely, but now that the market has "turned," it seeks to "unload" the mortgages it purchased (or recover the costs for unloading the mortgages on others). This, despite having received payments on those mortgages for as long as two years after the mortgagor's allegedly untimely payments in the first three months of mortgage. As we were only retained one-and-a-half days ago, we cannot state with certainty what is ALG's best defense, but we respectfully submit that ALG should be permitted to review the documents underlying these claims and set forth its defenses so that this case may be resolved on the merits.

Thank you for your consideration. We look forward to discussing this matter with Your Honor further at the conference on March 7th. If you have any questions, please feel free to contact the undersigned.

Very truly yours,

Jack Babchik (JB 8953)

Cc via ECF:   Charles Jacob, III, Esq.
Miller & Wrubel, P.C.
250 Park Avenue
New York, New York 10177