UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No.: 07 CV 10631 (WHP)
TERWIN ADVISORS, LLC,

                        Plaintiff,              **ANSWER AND**
                                                                                                     **JURY DEMAND**
    -against-

AMERICAN LENDING GROUP, INC.,

                        Defendant.
------------------------------------------------------------------X

      Defendant American Lending Group, Inc., by its attorney Babchik & Young, LLP, for its answer to the complaint herein:

      1.      Denies knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 1 and 2.

      2.      Admits the allegations contained in paragraph 3.

      3.      Denies knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 4, 5 and 6, leaving all issues of law for the Court at the trial of this action.

      4.      With respect to paragraphs 7, 8, 9, 11 and 12, begs leave to refer to the original agreement and the amendments thereto and otherwise denies the allegations.

      5.      Denies knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 10 and 13.

      6.      Upon information and belief, denies each and every allegation contained in paragraphs 14, 15 and 16.

      7.      Denies each and every allegation contained in paragraphs 17 and 18.

## TO THE FIRST CAUSE OF ACTION

8. Admits or denies as above each and every allegation incorporated by reference in paragraph 19.

9. Denies knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraph 20.

10. Denies each and every allegation contained in paragraphs 21, 22, 23, 24, 25 and 26.

## TO THE SECOND CAUSE OF ACTION

11. Admits or denies as above each and every allegation incorporated by reference in paragraph 27.

12. With respect to paragraphs 28, 29 and 30, begs leave to refer to the original agreement and otherwise denies the allegations.

## AS A FIRST DEFENSE

13. The complaint fails to state a claim for which relief may be granted.

## AS A SECOND DEFENSE

14. Upon information and belief, the loans were not in default within three months of the closing and no repurchase was required.

## AS A THIRD DEFENSE

15. Plaintiff failed to comply with Section 3.03 of the agreement in that it did not give "prompt written notice" to defendant of any alleged payment default with respect to the first three monthly payments.

### AS A FOURTH DEFENSE

16. Plaintiff waived any right to demand that defendant repurchase the loans.

### AS A FIFTH DEFENSE

17. Plaintiff is estopped from demanding that defendant repurchase the loans.

### AS A SIXTH DEFENSE

18. Plaintiff may not demand that defendant repurchase the loans because of the doctrine of laches.

### AS A SEVENTH DEFENSE

19. Pursuant to a course of dealing between plaintiff and defendant, plaintiff may not demand that defendant repurchase the loans.

### AS AN EIGHTH DEFENSE

20. Upon information and belief, there was an accord and satisfaction between plaintiff and defendant with respect to the loans alleged.

### AS A NINTH DEFENSE

21. Upon information and belief, rather than providing timely notice of any default and demanding that defendant repurchase the loans, plaintiff entered into negotiations directly with certain of the mortgagors and the claims should therefore be dismissed.

### AS A TENTH DEFENSE

22. If the plaintiff was injured or damaged as alleged in the complaint, such injury or damage was caused, in whole or in part, or was contributed to, by reason of the

breach of contract and/or culpable conduct on the part of the plaintiff without any breach of contract and/or culpable conduct on the part of the defendant contributing thereto.

### AS AN ELEVENTH DEFENSE

23.    To the extent plaintiff claims entitlement of indemnity from defendant, defendant is entitled to indemnity from plaintiff.

### AS A TWELFTH DEFENSE

24.    The action is barred by the doctrine of ratification.

### AS A THIRTEENTH DEFENSE

25.    Defendant will rely on Section 8.03 of the "Seller's Purchase, Warranties and Interim Servicing Agreement" dated as of July 1, 2004, with respect to limitation on liability contained therein.

### AS A FIRST COUNTERCLAIM

26.    In accordance with the agreement between the parties, defendant was entitled to and has earned at least $25,000.00, none of which has been paid.

27.    As a result whereof, defendant is entitled to at least $25,000.00, with interest and attorneys' fees in connection therewith.

### JURY DEMAND

28.    Defendant demands a jury on all issues in this action.

**WHEREFORE**, defendant American Lending Group, Inc., demands judgment dismissing the plaintiff's action, judgment on its counterclaim plus statutory interest, together with the costs, disbursements and attorneys' fees for this action.

**WHEREFORE**, defendant American Lending Group, Inc., demands judgment dismissing the plaintiff's action, judgment on its counterclaim plus statutory interest, together with the costs, disbursements and attorneys' fees for this action.

Dated: White Plains, New York
March 20, 2008

                                       BABCHIK & YOUNG, LLP
                                       Attorneys for Defendant
                                       American Lending Group, Inc.

By: _____
                                       Jack Babchik (JB 8953)
                                       A Member of the Firm
                                       200 East Post Road
                                       White Plains, New York 10601
                                       (914) 470-0001